**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

STUART C. IRBY CO.,

                Appellant,

vs.                                     Case No. 13-CV-520-CVE-FHM

DANIEL DUANE BROWN,

                Appellee.

## REPORT AND RECOMMENDATION

This appeal from a decision of the Bankruptcy Court has been referred to the undersigned United States Magistrate Judge for report and recommendation. The undersigned RECOMMENDS that the decision of the Bankruptcy Court be AFFIRMED.

### JURISDICTION AND STANDARD OF REVIEW

The District Court has jurisdiction over this appeal under 28 U.S.C. § 158. The Bankruptcy Court's legal conclusions are subject to *de novo* review. *Phillips v. White* (*In re White*), 25 F.3rd 931, 933 (10th Cir. 1994). The Bankruptcy Court's findings of fact are reviewed under the "clearly erroneous" standard. *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540 (10th Cir. 1988).

Appellant/Creditor Stuart C. Irby Company (Irby) is appealing from: 1) the Bankruptcy Court ruling under Fed. R. Civ. P. 15(c)(1)(B)[1] that Irby's December 4, 2012 claim for an exception from discharge on the basis of fraud did not relate back to the date of its June 2012 claim for an exception which was based on breach of fiduciary; and 2) the Bankruptcy Court's application of the liberal amendment standard of Fed. R. Civ. P.

---

[1] Fed.R.Civ.P. 15 is applicable to the proceeding before the Bankruptcy Court by virtue of Fed.R.Bankr.P. 7015.

15(a)(2) to Debtor/Appellee Daniel Duane Brown's (Brown) request to amend his answer, rather than the good cause standard embodied in Fed. R. Civ. P. 16.

The application of Fed. R. Civ. P. 15(c) to undisputed facts is a purely legal interpretation which is reviewed *de novo*. *Garrett v. Fleming*, 362 F.3d 692, 695 (10th Cir.2004). A decision to grant leave to amend pleadings is reviewed for abuse of discretion. *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).

## BACKGROUND

Irby sold electrical materials to Central Electrical Company of Tulsa, Inc. (Central). Appellee/Debtor Daniel Duane Brown (Brown) provided a personal guaranty of Central's debt to Irby for materials Irby sold to Central on an open account.

In March 2012 Brown filed a petition for relief under Chapter 7 of the Bankruptcy Code. Pursuant to Federal Rule of Bankruptcy Procedure, 4007(c), the deadline for a creditor to initiate an adversary proceeding seeking an exception to dischargeability under 11 U.S.C. § 523(a)(2), (4), or (6) was June 11, 2012. Irby filed a Complaint objecting to dischargeability on June 11, 2012. Irby cited 11 U.S.C. § 523(a)(4)[2] as the basis for his objection. Irby asserted that Central and Brown failed to pay for electrical supplies and/or building materials provided by Irby in violation of 42 Okla. Stat.§§152, 153 which provide that amounts payable under a building contract are to be held in trust for the payment of labor and materials incorporated in a construction project. According to Irby, as managing officer of Central, Brown breached this fiduciary duty and as a result, Brown's debt to Irby is non-dischargeable under 11 U.S.C. § 523(a)(4). [Dkt. 3-1, pp. 10-11].

---

[2] Under 11 U.S.C. § 523(a)(4) an exception from discharge of a debt is provided for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]"

Following an extension of time to effect service, Brown was served with the Complaint on November 4, 2012. Brown's answer was filed on December 3, 2012. On December 4, 2012 Irby filed a First Amended Complaint (hereafter Amended Complaint) which added a claim for relief on the basis of fraud under §523(a)(2).[3]

The Amended Complaint recited a number of additional facts not present in the initial Complaint, summarized as follows. In March 2009 Irby filed suit against Brown to collect outstanding delinquent amounts. The matter was settled and an agreed judgment was entered in Irby's favor against Brown and Central. [Dkt. 3-1, p. 40-41]. Brown executed a promissory note payable to Irby, *Id*. at 41, executed a guaranty which made DJ Brown, Inc. (DJBI) guarantor of the promissory note, *Id*. at 42, and on behalf of DJBI executed a mortgage in favor of Irby, *Id*. at 42-43. Subsequently, on December 15, 2010, Brown executed a second promissory note. *Id*. at 44. Irby further alleged that, unbeknownst to Irby, before the mortgage to Irby was executed the entity DJBI merged with Central Real Estate, LLC, (CRE) with CRE being the surviving entity. Accordingly, at the time Brown executed the mortgage to Irby, DJBI did not own the collateral. In addition, on behalf of CRE, Brown executed a mortgage in favor of a bank which involved the same collateral that secured Brown's indebtedness to Irby. Irby alleges therefore that Brown falsely represented, orally and in writing, that DJBI owned the collateral and that the collateral was not subject to another mortgage. *Id*. at 44-45.

---

[3] Under 11 U.S.C. §523(a)(2) an exception from discharge of a debt:
    for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–
    (A) false pretense, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

Brown filed an Answer to the Amended Complaint on December 28, 2012. [Dkt. 3-1, p. 145].

On January 2, 2013, based on their Rule 26(f) conference, the parties filed a Joint Report and Discovery Plan which outlined the parties' positions and included proposed deadlines for prosecution of the case. [Dkt. 3-1, pp. 150-169]. The parties proposed a January 15, 2013 deadline for motions seeking leave to amend pleadings. On January 16, 2013 following a telephone scheduling conference, the Bankruptcy Court entered a Scheduling Order which did not contain a deadline to amend pleadings. [Dkt. 3-1, p. 6, #40].

In the Joint Report the following are listed among the disputed questions of law in the case: "Are the claims pursuant to §523(a)(2) [in the Amended Complaint] untimely and therefore subject to dismissal?" [Dkt. 3-1, p. 167.] Brown disputed the merits of the fraud allegations brought under § 523(a)(2). *Id*. at 166.

Brown's Motion for Partial Judgment on the Pleadings was filed on January 10, 2013. That motion sought dismissal of Irby's §523(a)(2) fraud claims and the non-bankruptcy claims Irby asserted. Irby's response, filed January 31, 2013, opposed dismissal on the basis that Brown's Answer to the Amended Complaint contained an admission that Irby's claims were not subject to discharge under §523(a)(2) and that Brown had waived the limitations defense because it was not contained within Brown's Answer. [Dkt. 3-1, pp. 190-191]. Irby also asserted that the §523(a)(2) fraud allegations relate back to the date of the initial Complaint because the §523(a)(2) allegations arise out of the conduct, transaction or occurrence set out in the initial complaint. [Dkt. 3-1, pp. 191-193].

On February 1, 2013, Brown filed a Motion to Amend his Answer on the basis that

paragraph 6 in which he admitted Irby's claims were not subject to discharge under §523(a)(2) contained a scrivener's error. Brown also sought to plead the affirmative defense that Irby's §523(a)(2) fraud claim was untimely. The Bankruptcy Court granted Brown's motion to amend, [Dkt. 3-1, p. 230], and on the same day, March 7, 2013, Brown filed his First Amended Answer to the First Amended Complaint (hereafter Amended Answer). [Dkt. 3-1, p. 236].

On July 3, 2013, the Bankruptcy Court granted Brown's Motion for Partial Judgment on the Pleadings, dismissing Irby's §523(a)(2) fraud claims and the non-bankruptcy claims. [Dkt. 3-1, p. 243]. This appeal ensued.

## THE BANKRUPTCY COURT DECISIONS UNDER REVIEW

### Order Granting Leave to Amend Answer to First Amended Complaint
[Dkt. 3-1, pp. 230-235].

The Bankruptcy Court found that, although Brown's Answer to the Amended Complaint admitted the truth of paragraph 6 of the Amended Complaint which asserted the debts owning to Irby were not subject to discharge under §523(a)(2), a fair reading of the entire answer and other pleadings already in the record clearly conveyed Brown's intent to oppose that claim. [Dkt. 3-1, pp. 231-32]. The Bankruptcy Court noted that the January 2, 2013 Joint Report contained an assertion of the affirmative defense that the claims for relief under §523(a)(2) were not timely filed. *Id*. at 167, 232.[4] The Bankruptcy Court also observed that although the parties proposed a deadline for amending pleadings, the

---

[4] The Bankruptcy Court footnoted its observation that Brown cited Fed.R.Bankr.P 4004(a) as fixing the time in which a Complaint seeking denial under §523 must be filed, that Fed.R.Bankr.P 4007(c) was the appropriate rule, and that both rules require that a complaint be filed "no later than 60 days after the first date set for the meeting of creditors." [Dkt. 3-1, p. 232].

5

scheduling order did not establish such a deadline. *Id*. 232-33. The Bankruptcy Court applied Fed. R. Civ. P. 15(a)(2), made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7015, which provides that a party may amend a pleading by consent of the opposing party or by obtaining leave of court and that "[t]he court should freely grant leave when justice so requires." *Id.* at 233.

The Bankruptcy Court rejected Irby's assertion that the motion should be denied because Brown had not established good cause for seeking to amend his answer after the deadline for amending pleadings as no such deadline was established by the scheduling order. The Bankruptcy Court concluded that Brown acted in good faith and without delay in filing his motion to amend on February 1, 2013, one day after Irby raised for the first time the contention that Brown's answer admitted the debt was non-dischargeable and that Brown failed to plead the statute of limitations defense. The Bankruptcy Court found that Brown's contention that these were inadvertent scrivener's errors was borne out by the content of the Joint Report and found that the amendment would not prejudice Irby because the untimeliness of the §523(a)(2) fraud claim was raised three times in the Joint Report which was filed just five days after Brown's Answer. Further, Brown elaborated on the factual basis for his defense in the dispositive motion filed on January 10, 2013 to which claim Irby had already responded, thus substantiating the finding of lack of surprise or prejudice by amendment of the answer.

### Order Granting Motion for Partial Judgment on the Pleadings
### [Dkt. 3-1, pp. 243-261]

The Bankruptcy Court found that Irby's original Complaint seeking relief under §523(a)(4) was timely filed under Fed.R.Bankr.P 4007(c). However, assertion of the

§523(a)(2) fraud claim was filed more than five months after the Rule 4007(c) deadline for filing objections to dischargeability and was therefore dismissed as untimely.

Irby's argument that the §523(a)(2) claim is not time-barred because it "relates back" to the date of the original Complaint was rejected. The circumstances set forth in the original Complaint focus solely on the fact that Irby supplied materials to Central/Brown for use in construction projects and Brown's failure to pay Irby from the proceeds of projects into which the materials were incorporated. The Bankruptcy Court found that the fraud alleged in the Amended Complaint refers to a series of different transactions that underlie the fraud charge, including the following: settlement of a collection lawsuit via an agreed judgement; Brown's execution of promissory notes; execution of an additional guaranty; mergers of companies; and execution of mortgages. The Bankruptcy Court found that the allegations of the original Complaint did not put Brown on notice of the claims, the conduct, transactions, or occurrence underlying the fraud claims and thus did not come within the terms of the relation-back standard in Fed. R. Civ. P. 15(c). Since the §523(a)(2) fraud claim did not relate-back to the date of the original Complaint, it was not timely. The Bankruptcy Court therefore ruled that Brown was entitled to judgment as a matter of law. [Dkt. 3-1, pp. 257-258, 261].

## APPELLANT/IRBY'S CLAIMS ON APPEAL

On appeal Irby asserts: (1) the Bankruptcy Court erred in ruling that the §523(a)(2) fraud claim does not relate-back to the date the initial Complaint was filed; (2) the Bankruptcy Court erred in permitting Brown to amend his answer to assert the Rule 4007(c) time limit as an affirmative defense; and (3) Irby's recovery of attorney fees and costs of collection should be permitted if Irby succeeds on its §523(a)(2) claim.

## DISCUSSION

### **Application of Relation-Back**

Amendments to pleadings are addressed by Fed. R. Civ. P. 15. The parties agree that Rule 15(c) is applicable. As relevant to this case, Fed. R. Civ. P. 15(c) provides:

> (c) Relation Back of Amendments
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> \* \* \*
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading;

Recently, the Tenth Circuit addressed the application of Fed. R. Civ. P. 15(c)(1)(B) stating:

> [A]n amendment does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). A new pleading cannot relate back if the effect of the new pleading "is to fault [the defendants] for conduct different from that identified in the original complaint," even if the new pleading "shares some elements and some facts in common with the original claim." *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 881 (D.C. Cit. 2010) (internal citations and quotations marks omitted), *cert. denied*,--- U.S. ----, 131 S.Ct. 2443, 179 L.Ed.2d 1208 (2011)[.]

*Full Life Hospice, LLC, v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013).

The Bankruptcy Court's ruling that Irby's §523(a)(2) fraud claim did not relate back because that claim raised new allegations that were not pled in the original complaint correctly applies the law concerning relation back. The §523(a)(2) fraud claim is based on factual allegations that were new and discrete from the facts originally pled. The initial Complaint contains 4 paragraphs of factual allegations which outline the basis for Irby's

claims that the debt to it is non dischargeable under §523(a)(4) for breach of fiduciary duty. Irby asserted it supplied materials incorporated into construction projects. Central/Brown received payment for the construction projects. According to Oklahoma law, 42 Okla. Stat. §§ 152, 153, the funds received by Central/Brown are held in trust for payment of claims for labor and material incorporated into Central/Brown's construction projects. Central/Brown failed to pay over funds they received in payment on the projects to Irby for the materials provided. The failure to pay violates the fiduciary duty imposed by operation of Oklahoma law, thus bringing the debt owed to Irby within the exception to discharge provided under §523(a)(4) for breach of fiduciary duty.

Contrary to Irby's assertions, the Amended Complaint does more than merely provide more detail to support the breach of fiduciary duty claim contained in the initial Complaint. The Amended Complaint is not in the nature of a bill of particulars making more definite the general allegations contained in the initial Complaint. The Amended Complaint contains almost 50 paragraphs of additional factual allegations which outline a scheme to defraud Irby by means of granting a fraudulent mortgage in settlement of a collection suit, the issuance of promissory notes, and the merger of companies controlled by Brown. [Dkt. 3-1, pp. 40-45]. Reviewing the matter *de novo*, the undersigned finds that the fraud claim is supported by facts that differ in time and type from the initial complaint.

The undersigned finds that there is no merit to Irby's argument that because the entire underlying debt originated from sales made on an open account under a credit agreement, the §523(a)(2) fraud claim arose out of the same transaction, or series of transactions, or conduct as the §523(a)(4) breach of fiduciary duty claim. Irby's argument strains the concepts of same transaction, conduct, or occurrence beyond their logical

meaning and must therefore be rejected. Having thus reviewed the matter *de novo* the undersigned finds that Irby's §523(a)(2) fraud claims do not fall within the relation back provision of Fed. R. Civ. P. 15(c)(1)(B).[5]

Irby objects to the Bankruptcy Court's remark to the effect that even if Irby's orignial §523(a)(4) breach of fiduciary duty claim and the §523(a)(2) fraud claim can be viewed as a species of fraud, Irby's initial Complaint was not plead with enough particularity to satisfy the particularity standards of Fed. R. Civ. P. 9(b). Irby's statement that the relation back provision should be read broadly to include the §523(a)(2) fraud claim because Brown did not object to any lack of particularity in the initial Complaint entirely misses the point of the Bankruptcy Court's remark. The Bankruptcy Court was making the point that Irby's initial Complaint did not, in fact, contain sufficient detail from which one could reasonably conclude that there was any attempt to assert a claim for fraud, a point with which the undersigned agrees.

The undersigned United States Magistrate Judge RECOMMENDS that the Bankruptcy Court decision finding the §523(a)(2) fraud claims untimely because they did not relate back to the initial complaint be AFFIRMED.

## Amendment of Answer to Amended Complaint

Irby asserts that the Bankruptcy Court erred in allowing Brown to amend his Answer to the Amended Complaint. Irby argues that Brown waived the time limit in Fed.R.Bankr.P. 4007(c) as a defense because it was not plead in Brown's Answer to the Amended

---

[5] Since the undersigned finds that Irby's amendment adding the §523(a)(2) fraud claim does not meet the Fed. R. Civ. P. 15(c) criteria for relation back, discussion of the other points raised by Irby (amendment would not prejudice Brown, relation back would not violate the policy underlying the time frame embodied in Rule 4007(c)) would serve no purpose.

Complaint. According to Irby, the Bankruptcy Court applied the wrong standard for permitting Brown's amendment to his Answer. Irby states that the Bankruptcy Court's acceptance of Brown's assertion that his omission of the timeliness defense was mere inadvertence incorrectly applied the liberal standard for permitting amendments found in Fed. R. Civ. P. 15(a)(2), rather than the more stringent "good cause" standard contained in Fed. R. Civ. P. 16, which is applicable where the deadline for amending pleadings has passed.

Irby argues that, even though the Bankruptcy Court's Scheduling Order did not include a deadline for amendments to pleadings, the parties' agreed deadline of January 15, 2013 contained in the Joint Report and Discovery Plan essentially operated as such a deadline. Irby cites *Nesream Husam Shehada v. City of Miami Beach,* 2012 U.S. Dist. LEXIS 129268 (S.D. Fla. 2012) as being persuasive on the issue. As in this case, in *Nesream* the parties filed a Joint Scheduling Form which contained a deadline for filing amended pleadings. The agreed deadline for amending pleadings had passed by the time the *Nesream* Court entered the scheduling order, and no deadline for amendments was included in the scheduling order. When the plaintiff moved to amend the complaint, after the parties' agreed amendment deadline, the Court applied the "good cause" standard of Rule 16, and based on the facts before it, denied the amendment finding that good cause had not been established. *Id*. at * 6-7. Irby argues that the Bankruptcy Court in the present case should also have applied the "good cause" standard because, like in *Nesream,* the parties proposed deadline for amendments had passed by the time the Bankruptcy Court entered the Scheduling Order. According to Irby, the Bankruptcy Court

appears to have treated the agreed deadline as a real deadline that had passed when the Scheduling Order was entered but the Bankruptcy Court ignored that deadline in considering Brown's motion to amend.[6]  [Dkt. 20, pp. 29-30].

The *Nesream* case does not establish a rule that proposed, but unadopted, deadlines govern case proceedings.  The *Nesream* case merely presents an example of a court interpreting its own scheduling order according to its discretion.  In *McKinley v Kaplan*, 177 F.3d 1253, 1257 (11th Cir. 1999) the Eleventh Circuit found that a proposed scheduling order that was not entered never became binding as necessary to trigger operation of the "good cause" standard of Fed. R. Civ. P. 16(b).  The Court found no authority for the proposition that a proposed, but not entered, scheduling order is binding for the purposes of Rule 16(b).  The Court ruled that "[i]n the absence of a dispositive scheduling order, whether leave to amend should be granted is governed by the more liberal standard set forth in Rule 15(a)." *Id.  See also Massengale v. Hill*, 2006 WL 83429, *3 (N.D. Ga. 2006).

The undersigned finds no abuse of discretion in the way the Bankruptcy Court interpreted its own scheduling order in the instant case.  The Bankruptcy Court's findings that Brown acted in good faith and without undue delay in filing his motion to amend are entirely consistent with the dates of the various filings in the case.  Further, the finding that amendment would not cause surprise or prejudice to Irby is supported by the fact that Brown clearly articulated the statute of limitations defense in the Joint Report, filed on

---

[6] Irby's suggestion that the Bankruptcy Court omitted the deadline for amendments from the scheduling order because the date had passed is sheer speculation.  The undersigned observes that Brown's Answer to the Amended Complaint reflects that it was served on December 28, 2012.  Under Rule 15(a)(1)(A), Brown had until January 18, 2013 in which to amend, which was after the parties' proposed amendment deadline.

January 2, 2013 and elaborated on the factual basis for the defense in a dispositive motion filed on January 10, 2013.

In the parties' Joint Report and Discovery Plan, Brown denied that the Bankruptcy Court "has jurisdiction to adjudicate the claims alleged pursuant to §523(a)(2) because such claims were not timely filed pursuant to Fed.R.Bankr.P. 4004(a) [sic]." [Dkt. 3-1, p. 151]. Brown asserted as an affirmative defense: "all claims for relief pursuant to §523(a)(2) were not timely filed." *Id*. at 158. Brown listed a number of disputed questions of fact related to the §523(1)(2) fraud claim. *Id*. at 166. And, Brown listed as a disputed question of law, "[a]re the claims pursuant to §523(a)(2) untimely and therefore subject to dismissal?" *Id*. at 167. Further, on January 13, 2013 in Brown's Motion for Partial Judgment on the Pleadings Brown argued:

> The Court should grant judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) in favor of Debtor dismissing Plaintiff's claim seeking an exception to discharge for fraud pursuant to §523(2)(2) because it was not asserted timely pursuant to 11 523(c)(1) and Fed.R.Bankr.P. 4007(c).

[Dkt. 3-1,p. 171]. Thus, the matters Brown sought to include in his Answer by way of amendment had already been asserted in the parties' filings.[7]

Irby argues that the parties made similar pleading mistakes that were treated differently by the Bankruptcy Court. Although both parties made mistakes, they were not similar mistakes. Brown made a scrivener's error in his Answer while almost simultaneously setting forth his actual position in other filings. Irby on the other hand failed

---

[7] The Joint Report and Discovery Plan was filed on January 2, 2013 and Brown's Motion for Partial Summary Judgment was filed January 13, 2013. Both filings were made before the January 18, 2013 deadline under Rule 15(a)(1)(A) for Brown to amend his Answer as a matter of course.

13

to assert its fraud claim in any fashion until over five months after the limitations period expired. The undersigned rejects Irby's arguments to the effect that the Bankruptcy Court somehow dealt with Irby more harshly than with Brown.

The undersigned United States Magistrate Judge RECOMMENDS that the Bankruptcy Court's Order Granting Leave to Amend Answer to First Amended Complaint be AFFIRMED.

## Recovery of Attorney Fees and Collection Costs

Irby's arguments on this issue were contingent upon its success on its §523(a)(2) claim. Since the undersigned recommends that the Bankruptcy Court's dismissal of that claim be affirmed, the question of attorney fees and collection costs is moot.

## CONCLUSION

The undersigned United States Magistrate Judge RECOMMENDS that the Bankruptcy Court's decision s be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before January 14, 2014..

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

>determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 31st day of December, 2013.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE